## CIRCUIT COURT FOR HAMILTON COUNTY
### State of Tennessee

| | | |
|---|---|---|
| TODD RUSSELL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| ~v~ | § | |
| | § | No. 18C1153 |
| CORECIVIC OF TENNESSEE, LLC | § | |
| (formerly known as CCA of | § | **JURY DEMAND** |
| Tennessee, LLC), | § | |
| | § | |
| CORECIVIC, INC., | § | |
| (formerly known as Corrections | § | |
| Corporation of American Inc.), | § | |
| | § | |
| CORRECT CARE SOLUTIONS, LLC, | § | |
| | § | |
| HAMILTON COUNTY GOVERNMENT, | § | |
| | § | |
| UNKNOWN NUMBER OF JANE OR | § | |
| JOHN DOES, | § | |
| (individually and as unknown male and | § | |
| female agents, staff, guards, and/or | § | |
| medical doctors or nurses performing | § | |
| duties and working at location known | § | |
| herein as "Silverdale"), | § | |
| | § | |
| *Defendants.* | § | |

## COMPLAINT

**Introduction:**

1.     This is an action for money damages brought pursuant to 42 U.S.C.

§§1983, and 1988 to redress the deprivation of rights secured to the Plaintiff by the

United States Constitution, and redress of violations of the laws of the State of Tennessee

by the Defendants.

**Jurisdiction and Venue:**

~ 1 ~

FILE COPY

2. This is an action to redress the deprivation of rights secured to the Plaintiff by the Eight, and Fourteenth Amendments to the United States Constitution enforceable through 42 U.S.C. § 1983. Additionally, this Court has concurrent original jurisdiction as set forth in the authority stated in Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 507-08 (1962); Haywood v. Drown, 556 U.S. 729 (2009); Watson v. Cleveland Chair Co., 789 S.W.2d 538, 542 (Tenn. 1989); and Poling v. Goins,

3. Venue is proper in this Court pursuant to TENN. CODE ANN. § 20-4-102. All acts complained of occurred within Hamilton County.

**The Parties:**

CoreCivic of Tennessee, LLC,
and CoreCivic, Inc.

4. At all times relevant to this cause of action, Defendant CoreCivic of Tennessee, LLC (formerly known as CCA of Tennessee, LLC), and CoreCivic, Inc. (formerly known as Corrections Corporation of America, Inc.), are business entities that own and operate a facility known as "CCA Silverdale Detention Center" ("Silverdale") located in Hamilton, County.

5. Defendant CoreCivic of Tennessee, LLC and CoreCivic, Inc. are listed with the Tennessee Secretary of State as having one address (10 Burton Hills Blvd., Nashville, TN 37215, and both are listed as sharing the same registered agent for service of process (CT Corp System, 300 Montvue Rd., Knoxville, TN 37919).[1]

6. At all times relevant to this cause of action, CCA is an agent of the Hamilton County Government ("County"). CCA is a state actor, contracted by the County to house inmates sentenced pursuant to Tennessee state laws for term of

---

[1] Plaintiff will refer to these defendants jointly from herein out as "CCA."

~ 2 ~

incarceration not to exceed eleven months and twenty-nine days; to house pre-trial detainees for the municipal and county governments within Hamilton County; and to house detainees for the Government of the United States.

7.      CCA specializes in the construction, design and management of prisons, jails, and detention facilities and the housing and transportation of inmates for municipal, county, and state governments.

8.      At all times relevant to this cause of action, CCA operated Silverdale (a public detention facility) with the full authority and consent of the County and the State of Tennessee pursuant to TENN. CODE ANN. § 41-24-101, et seq., and/or TENN. CODE ANN. § 41-8-101, et seq. and as a result acted under the color of state law.

9.      At all times relevant to this cause of action, CCA, with oversight by the County, is responsible for the creation and maintenance of Silverdale which, as stated herein, operates under the laws of the State of Tennessee and regulated by the State of Tennessee, specifically and pursuant to the Tennessee Private Prison Contracting Act of 1986 and Title 41 of the Tennessee Code Annotated with the following non-delegable duties:

    a.      The training and certification of its employees;

    b.      To render medical aid to inmates injured while housed in Silverdale and to ensure that the medical care was not delayed or not withheld thus causing needless suffering;

    c.      To ensure inmates with injuries receive proper medical treatment regardless whether or not they are serving an active sentence or pre-trial detention;

~ 3 ~

d.    To ensure that employees of CCA or any of its contractors posted at the workhouse are properly trained to render medical aid to inmates injured while housed in Silverdale and to prevent the needless pain and suffering to injured inmates;

e.    To ensure the conditions of confinement and health and safety of persons incarcerated at Silverdale are protected and in compliance with the United States Constitution, the Tennessee Constitution, and the laws of the United States and the State of Tennessee.

10.    At all times relevant to this cause of action, CCA was a state actor performing governmental duties that are exclusive to the County, and thus had a duty under Tennessee law to ensure persons held in Silverdale are not treated with undue rigor.

11.    While in the performance of its duties, CCA used servants, employees, agents or contractors who performed services related to the housing, care, feeding, supervision, discipline, and movement of persons (including Plaintiff) within its custody.

12.    These CCA servants, employees, agents or contractors performed their functions, including professional medical services, under the color of state law and within the scope of their employment, agency, apparent authority or contract with CCA.

13.    CCA is liable for its own conduct and for the acts and omissions of their servants, employees, agents or contractors by virtue of the fact that these persons acted within conformity with the policies, practices, and customs of CCA.

14.    CCA is liable for its own conduct and for the acts and omissions of their servants, employees, agents or contractors by virtue of the fact that these persons acted

~ 4 ~

pursuant to the doctrines employment, agency, apparent agency, implied agency, employer/employee relations, joint and several liability, respondent superior, vicarious liability, and as a result of CCA's non-delegable duty to ensure the health and safety of all persons held in custody at Silverdale.

Hamilton County Government:

15.     At all times relevant to this cause of action, County is a political sub-division of the State of Tennessee organized and existing under the laws of the State of Tennessee.

16.     County, through its commissioners, has charge to supervise and control Silverdale.

17.     County had a duty to render timely and adequate medical aid to inmates injured while housed in Silverdale and to ensure that the medical care was not delayed or not withheld thus causing needless suffering; to ensure inmates with injuries receive proper medical treatment regardless whether or not they are serving an active sentence or pre-trial detention; to ensure that employees of CCA posted at the workhouse are properly trained to render medical aid to inmates injured while housed in the workhouse; and to regulate and control Silverdale in its exercise of the County's business.

18.     The County has a duty under Tennessee law to ensure persons held in Silverdale are not treated with undue rigor.

19.     At all times relevant to this cause of action, County was responsible for the care, custody, health, well-being, and control of the Plaintiff while he was held at Silverdale.

~ 5 ~

20.     County is liable for its own conduct and for the acts and omissions of their servants, employees, agents or contractors by virtue of the fact that these persons acted within conformity with the policies, practices, and customs of County.

21.     County is liable for its own conduct and for the acts and omissions of their servants, employees, agents or contractors by virtue of the fact that these persons acted pursuant to the doctrines employment, agency, apparent agency, implied agency, employer/employee relations, joint and several liability, respondent superior, vicarious liability.

22.     Plaintiff further brings this action against the County based pursuant to TENN. CODE ANN. § 8-8-302 in that CCA and its individual actors operated within the color of law bestowed upon them by virtue of the County.

Correct Care Solutions, LLC:

23.     Correct Care Solutions, LLC ("CCS") is a business entity formed in the State of Kansas, but operating in Hamilton County, Tennessee.

24.     CCS is a healthcare company based in Nashville, TN, and listed with the Tennessee Secretary of State as having its principle place of business located at 1283 Murfreesboro Pike, Suite 500, Nashville, TN 37217.

25.     The Tennessee Secretary of State shows CCS's registered agent for service of process is Corporate Creations Network, Inc., 205 Powell Place, Brentwood, TN 37027.

26.     CCS provides healthcare services to prisons and detention centers throughout the USA, and to CCA and the County. These services are exclusive governmental functions, and thus CCS operated under the color of state law.

~ 6 ~

27. CCS hires, trains, manages, and employs nurses and/or doctors to provide medical care to persons held in custody at Silverdale.

28. Plaintiff believes that CCS employed some of the Doe defendants.

29. CCS has similar duties and obligations as CCA and the County.

30. CCS had these constitutional duties to Plaintiff:

    a. To render medical aid to Plaintiff injured while housed in Silverdale, to not withhold or delay medical care so as to cause the Plaintiff unnecessary pain and suffering;

    b. To ensure inmates with injuries receive proper medical treatment regardless whether or not they are serving an active sentence or pre-trial detention;

    c. To ensure that employees of CCS posted at the workhouse are properly trained to render medical aid to inmates injured while housed in the workhouse; and

    d. To properly carry out medical care for inmates held at Silverdale in CCS's exercise of the County's business.

31. CCS is liable for its own conduct and for the acts and omissions of their servants, employees, agents or contractors by virtue of the fact that these persons acted within conformity with the policies, practices, and customs of CCS.

32. CCS is liable for its own conduct and for the acts and omissions of their servants, employees, agents or contractors by virtue of the fact that these persons acted pursuant to the doctrines employment, agency, apparent agency, implied agency,

~ 7 ~

employer/employee relations, joint and several liability, respondent superior, vicarious liability.

33.     CCS contracted with CCA to provide medical care to inmates at Silverdale and thus had non-delegable duties constitutional duties to ensure that Plaintiff received timely and adequate medical care to prevent Plaintiff from undue and needless suffering.

<u>Doe Defendants:</u>

34.     Plaintiff avers that any individual persons not fully identified herein performed their functions as agents operating under color of state law and performing their duties pursuant to the authority bestowed upon them by their employment.

**Factual Basis of Complaint:**

35.     On January 23, 2018, Plaintiff arrived at Silverdale, and was subsequently held on a probation violation and also on new criminal charges.

36.     Upon arrival at Silverdale, one of the Doe defendants acting as a correctional officer for CCA placed Plaintiff into a holding area that contained over 25 other inmates.

37.     Plaintiff and another inmate, Cecil Skiles, Jr. ("Skiles"), got into an argument that escalated into a violent confrontation.

38.     Skiles severely injured Plaintiff. These injuries included a severe fracture of the Plaintiff's jaw with displacement, and the fracture extended into the Plaintiff's alveolar ridge. Plaintiff also suffered numerous missing teeth and nerve damage.

39.     The visual results of the Plaintiff's injuries were immediate and apparent to any casual observer.

40.     No staff member of CCA or CCS intervened in the assault.

~ 8 ~

41.     After the assault, Plaintiff asked repeatedly of CCA and CCS staff for medical care. These persons are the individual Doe Defendants.

42.     No CCA or CCS staff assisted Plaintiff. Rather, each and every Doe Defendant Plaintiff called out to for help affirmatively refused.

43.     Plaintiff remained in the same holding area until January 24, 2018, where, after nearly 24 hours of suffering excruciating pain and after repeated requests for assistance from the Doe Defendants, Plaintiff had a chance encounter with CCA employee Jason Clark ("Clark") and County employee Joe Fowler ("Fowler").

44.     Clark asked Plaintiff what was wrong, and Plaintiff informed Clark of the assault and the injuries.

45.     Upon speaking and observing Plaintiff, it is Plaintiff's belief that Clark called for an ambulance to take Plaintiff to Erlanger's Emergency Room ("Erlanger").

46.     Plaintiff avers that upon Clark's actions, EMS arrived within about 15 minutes and immediately transported Plaintiff to Erlanger.

47.     After an x-ray, Erlanger medical staff notified a CCA employee who acted as a guard over Plaintiff that Plaintiff required immediate surgery. This CCA employee is one of the Doe Defendants and is further identified as a female.

48.     The same CCA employee notified Erlanger medical staff that Plaintiff had to go back to Silverdale to see a CCS and/or CCA medical provider to make any decisions as to Plaintiff's medical care.

49.     However, the same CCA employee made comments within hearing of Plaintiff that she (the CCA employee) was nearing the end of her shift, and if Plaintiff was admitted for the needed surgery she would have to stay over the end of her shift.

~ 9 ~

50.    The same CCA employee then transported Plaintiff to Silverdale whereupon Plaintiff was placed into a non-medical cell where CCS staff gave to Plaintiff only Motrin. Thereafter, CCA staff, or a combination of the CCS and CCA staff, gave Plaintiff only "boost" drink as sustenance, since Plaintiff could not chew any solid food.

51.    Plaintiff received no follow-up medical or palliative care while at Silverdale despite his repeated attempts for help from CCA and CCS staff as they happened by.

52.    Plaintiff did not see any medical care provider until on or about January 29, 2018 at Erlanger and on the day of his surgery, February 1, 2018.

53.    Starting in 2017, Hamilton County Criminal Court Judge Tom Greenholtz took action to address numerous incidents involving claims by defendants in his Court that CCA and CCS were not receiving medical care.

54.    Judge Greenholtz's actions included issuing subpoenas to Silverdale officials to appear in his Court to explain why five non-violent inmates were making the claim of no medical care.

55.    One such explanation involved the claims of inmate Jared Hodges who, also suffering from cancer was denied treatment for a broken bone while serving an active sentence.

56.    Judge Greenholtz arranged for a hearing in his Court on August 30, 2017 and subpoenaed to testify Veronica Winters (identified in press releases as a "medical administrator at Silverdale"). The following exchange is reported in the press to have occurred:

~ 10 ~

Judge Greenholtz: So no one had any follow-up with respect to this man's bone cancer?

Winters: No sir.

Judge Greenholtz: And is that based simply upon the initial note that he refused treatment?

Winters: Yes sir.

57.     After the dialogue with Winters, Judge Greenholtz released Hodges on probation.

58.     A few days later, Judge Greenholtz released Lola Matthews based upon a similar lack of medical care.

59.     CCA, CCS, and County also failed to properly prevent the death and needless suffering of Madison Deal as set forth in the Complaint on record in this Court in docket number 17c590. Like the Plaintiff in this Complaint, Madison began to show obvious physical distress after a fight. Unlike the Plaintiff in this Complaint, Madison died.

60.     In the Deal matter, the defendants named therein, which included CCA, CCS, and the County ("Deal defendants"), displayed deliberate indifference to Madison by failing to take steps to give her proper and immediate medical care despite the Deal defendants' full knowledge of Madison's serious and obvious medical needs.

61.     CCA, CCS, and the County had constructive and actual knowledge of the lack of medical care inmates received at Silverdale after the intervention of Judge Greenholtz and the initiation of the Deal matter. However, despite this knowledge, these same defendants continued their deliberate indifference towards the medical needs of

~ 11 ~

inmates, which resulted in the same pattern of misconduct by the Doe Defendants seen with the Plaintiff.

**Count One:**
**Violation of Civil Rights Under**
**Color of Law 42 U.S.C. §1983 –**
**Deprivation of Due Process by**
**Failure to Prevent Harm**

62.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Plaintiff reasserts and incorporates all prior averments.

63.     At all times relevant, CCA, CCS, the County and their employees, contractors, and agents performed a traditional government function by operating a correctional facility.

64.     These same defendants were on notice of the Plaintiff's severe injuries.

65.     CCA, CCS, and the County were on notice of the deficient care they were giving to inmates in general and the Plaintiff yet took no steps to correct these deficiencies.

66.     As a result, CCA, CCS, and the County created and maintained a zone of danger where an inmate can receive harm in the form of lack of medical care.

67.     Plaintiff avers this lack of treatment was the results of improper staffing or lack of training of the Doe Defendants, which in turn resulted in the outright dismissal of Plaintiff's efforts for help as set forth herein.

68.     The Doe Defendants described herein acted under color of law and their negligent and intentional acts deprived the Plaintiff his rights secured to him under the United States Constitution to be free from Cruel and unusual punishment in violation of

~ 12 ~

the Eight Amendment without due process of law and deprivation of medical care without Due Process of law in violation of the Fourteenth Amendment.

69.    CCA, CCS, and the County, had a duty of care to the Plaintiff to ensure that the Doe Defendants were properly trained in the identification of inmates with injuries, and when to render aid to an inmate. This failure constitutes deliberate indifference.

70.    The actions and omissions of the Doe Defendants were done with actual malice toward the Plaintiff and with willful and wanton indifference to and with deliberate disregard for the constitutional rights and statutory civil rights of the Plaintiff. Thus the Plaintiff is entitled attorney fees pursuant to 42. U.S.C. §1988.

71.    The omissions of CCA, CCS, and the County constitute deliberate indifference toward the Plaintiff and with willful and wanton indifference to and with deliberate disregard for the constitutional rights and statutory civil rights of the Plaintiff. Thus the Plaintiff is entitled to actual damages, and attorney fees pursuant to 42. U.S.C. §1988.

**Count Two:**
**Violation of Civil Rights Under**
**Color of Law 42 U.S.C. §1983 –**
**Withholding Medical Care**

72.    Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Plaintiff reasserts and incorporates all prior averments.

73.    The Defendants had a duty of care to Plaintiff by reason of the Plaintiff's deprivation of his liberty, and thus inability to care for himself.

74.    The Defendants' failure to maintain Silverdale and to properly operate Silverdale, and to properly train and supervise the Doe Defendants show a lack of

~ 13 ~

training, supervision, or adequate policy to address medical emergencies such as described here and monitor and properly care for medically fragile persons such as the Plaintiff and thus constitutes deliberate indifference of the CCA, CCS, the County and the individual defendants.

75.     There was no need to simply whisk Plaintiff away from Erlanger in the manner described herein after notice to the Doe Defendant guard. Erlanger was in the best position to determine the necessity of immediate medical care for the Plaintiff. To state that any further care was to be determined by anyone at Silverdale makes no sense in the face of the severity of the Plaintiff's injuries.

76.     No reasonable correctional officer or jail supervisor would have behaved in the manner described herein.

77.     No reasonable governmental actor would have allowed any of its agents to make such a decision.

78.     The Doe Defendants acted under color of law and their negligence and intentional acts along with the deliberate indifference of CCA, CCS, and the County deprived Plaintiff of rights secured to him under the Eighth and Fourteenth Amendments to United States Constitution to be free from the Infliction of Cruel and Unusual Treatment and to not be deprived of medical care without Due Process of Law.

79.     The actions and omissions of the Doe Defendants were done with actual malice toward the Plaintiff and with willful and wanton indifference to and with deliberate disregard for the constitutional rights and statutory civil rights of the Plaintiff. Thus the Plaintiff is entitled attorney fees pursuant to 42. U.S.C. §1988.

~ 14 ~

80.     The omissions of CCA, CCS, and the County constitute deliberate indifference toward the Plaintiff and with willful and wanton indifference to and with deliberate disregard for the constitutional rights and statutory civil rights of the Plaintiff. Thus the Plaintiff is entitled to actual damages, and attorney fees pursuant to 42. U.S.C. §1988.

**Count Three:**
**Negligence**

81.     Based upon the Plaintiff's belief, the individual Doe Defendants were appointed and employed by CCA, CCS, or the County to perform duties as reserved solely to governmental officers and agent and at all times relevant to this matter acted within the color of their office.

82.     The individual Doe Defendants and CCA, CCS, and the County had a duty to not treat Plaintiff with undue rigor and to not ignore Plaintiff's obvious and painful medical condition. This failure was the direct and proximate cause of the Plaintiff's unnecessary pain and suffering, and humiliation.

83.     Plaintiff sues the individual Doe Defendants in their individual and official capacities and CCA, CCS, and the County pursuant to TENN. CODE ANN. § 8-8-302.

**Count Four:**
**Negligent Training**

84.     CCA, CCS, and the County had a duty to ensure the individual Doe Defendants were properly trained in when to act when an inmate in their care and custody is severely injured.

~ 15 ~

85.    The lack of training constitutes deliberate indifference of CCA, CCS, and the County and this lack of proper training was the direct and proximate cause of the Plaintiff's unnecessary pain and suffering, and humiliation.

56.    Plaintiff sues the individual Defendants in their individual and official capacities and the County pursuant to TENN. CODE ANN. § 8-8-302.

WHEREFORE, the Plaintiff demands judgment against the defendants and requests the following relief:

A.    That the Court award compensatory and punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS;

B.    That the Court award costs, and discretionary costs;

C.    Any other relief the Court may deem fit and proper;

D.    Any other relief the Court may deem fit and proper pursuant to 42 U.S.C. §1988, and

E.    Allow a jury trial on all issues triable by jury.

Respectfully submitted,

By: _____

ROBIN RUBEN FLORES
TENN. BPR #20751
GA. STATE BAR #200745
Counsel for Plaintiff
4110-A Brainerd Road
Chattanooga, TN  37411
423 / 267-1575  fax 267-2703
robinflores@epbfi.com

~ 16 ~

**CIRCUIT COURT FOR HAMILTON COUNTY**
**State of Tennessee**

| | |
|---|---|
| TODD RUSSELL, | § |
| | § |
| *Plaintiff,* | § |
| | § |
| ~v~ | § |
| | § |
| CORECIVIC OF TENNESSEE, LLC | § |
| (formerly known as CCA of | § |
| Tennessee, LLC), | § |
| | § |
| CORECIVIC, INC., | § |
| (formerly known as Corrections | § |
| Corporation of American Inc.), | § |
| | § |
| CORRECT CARE SOLUTIONS, LLC, | § |
| | § |
| HAMILTON COUNTY GOVERNMENT, | § |
| | § |
| UNKNOWN NUMBER OF JANE OR | § |
| JOHN DOES, | § |
| (individually and as unknown male and | § |
| female agents, staff, guards, and/or | § |
| medical doctors or nurses performing | § |
| duties and working at location known | § |
| herein as "Silverdale"), | § |
| | § |
| | § |
| *Defendants.* | § |

No. 18c1153

**JURY DEMAND**

FILED IN OFFICE
2018 OCT 24 PM 2:13
LARRY L. HENRY
BY_____

## AFFIDAVIT OF SERVICE

1.    I am Wendi Sloop, Sr. Paralegal to Robin Flores, and I have first-hand information of the facts I state herein, and I am competent to make this affidavit.

2.    On October 15, 2018, I mailed by certified mail – receipt number 70172400000021157775 a copy of the Summons and Complaint to Core Civic of Tennessee, LLC, c/o CT Corp System – Registered Agent, 300 Montvue Road, Knoxville, TN 37919.

3.    On October 24, 2018, I received the green return receipt signed by what appears to be the name Samantha Sutton on October 22, 2018.  [Exhibit A]

AFFIANT STATES NOTHING FURTHER.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Core Civic of TN, LLC
c/o CT Corp System - Registered Agent
300 Montvue Rd.
Knoxville, TN 37919

9590 9402 3249 7196 6231 49

2. Article Number (Transfer from service label)
7017 2400 0000 2115 7775

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Samantha Sutton  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)  OCT 22 2018  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address: ☐ No
FILED IN OFFICE
DATE/TIME 10 24 18
LARRY L. HENRY, CLERK
BY _____ D.C.

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

Ex. A

## CIRCUIT COURT FOR HAMILTON COUNTY
### State of Tennessee

| | |
|---|---|
| TODD RUSSELL, | § |
| | § |
| *Plaintiff,* | § |
| | § |
| ~v~ | § |
| | § No. 18C1153 |
| CORECIVIC OF TENNESSEE, LLC | § |
| (formerly known as CCA of | § **JURY DEMAND** |
| Tennessee, LLC), | § |
| | § |
| CORECIVIC, INC., | § |
| (formerly known as Corrections | § |
| Corporation of American Inc.), | § |
| | § |
| CORRECT CARE SOLUTIONS, LLC, | § |
| | § |
| HAMILTON COUNTY GOVERNMENT, | § |
| | § |
| UNKNOWN NUMBER OF JANE OR | § |
| JOHN DOES, | § |
| (individually and as unknown male and | § |
| female agents, staff, guards, and/or | § |
| medical doctors or nurses performing | § |
| duties and working at location known | § |
| herein as "Silverdale"), | § |
| | § |
| | § |
| *Defendants.* | § |
| | § |

*FILED IN OFFICE 2018 OCT 15 PM12:47 LARRY L. HENRY, CLERK BY [signature]*

## SUMMONS

To:    **CORE CIVIC OF TENNESSEE, LLC**
      c/o CT Corp System- Registered Agent
      300 Montvue Road
      Knoxville, Tennessee 37919

You are hereby summoned to answer and make defense to a Bill of Complaint, which has been filed in the Circuit Court for Hamilton County, Tennessee in the above styled case. Your defense to this Complaint must be filed in the office of the Clerk of Circuit Court for Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

WITNESSED and issued this the 15 day of October, 2018.

### LARRY HENRY, CLERK

## SERVICE RETURN

**LARRY HENRY, CLERK**

BY: _H̶e̶d̶i̶e̶ ̶V̶o̶l̶a̶_____ D.C.

---

### NOTICE TO DEFENDANT(S)

Tennessee law provides a four thousand ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks and other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should and of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

## CIRCUIT COURT FOR HAMILTON COUNTY
### State of Tennessee

| | | |
|---|---|---|
| TODD RUSSELL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| ~v~ | § | |
| | § | No. 18c1153 |
| CORECIVIC OF TENNESSEE, LLC | § | |
| (formerly known as CCA of | § | **JURY DEMAND** |
| Tennessee, LLC), | § | |
| | § | |
| CORECIVIC, INC., | § | |
| (formerly known as Corrections | § | |
| Corporation of American Inc.), | § | |
| | § | |
| CORRECT CARE SOLUTIONS, LLC, | § | |
| | § | |
| HAMILTON COUNTY GOVERNMENT, | § | |
| | § | |
| UNKNOWN NUMBER OF JANE OR | § | |
| JOHN DOES, | § | |
| (individually and as unknown male and | § | |
| female agents, staff, guards, and/or | § | |
| medical doctors or nurses performing | § | |
| duties and working at location known | § | |
| herein as "Silverdale"), | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

### AFFIDAVIT OF SERVICE

1.     I am Wendi Sloop, Sr. Paralegal to Robin Flores, and I have first-hand information of the facts I state herein, and I am competent to make this affidavit.

2.     On October 15, 2018, I mailed by certified mail – receipt number 70172400000021157751 a copy of the Summons and Complaint to Cover Civic, Inc. , c/o CT Corp System – Registered Agent, 300 Montvue Road, Knoxville, TN 37919.

3.     On October 24, 2018, I received the green return receipt signed by what appears to be the name Samantha Sutton on October 22, 2018.  [Exhibit A]

AFFIANT STATES NOTHING FURTHER.

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Samantha Sutton_ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) OCT 22 2018 C. Date of Delivery |
| 1. Article Addressed to:<br><br>Core Civic Inc.<br>C/o CT Corp System - Reg. Agent<br>300 Montvue Rd.<br>Knoxville, TN 37919 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter ☐ FILED IN OFFICE ☐ No<br><br>DATE/TIME __10/25/18__<br>LARRY L. HENRY, CLERK<br>BY _____ D.C. |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 3249 7196 6231 32 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☒ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7017 2400 0000 2115 7751 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

Ex. A

## CIRCUIT COURT FOR HAMILTON COUNTY
### State of Tennessee

| | |
|---|---|
| TODD RUSSELL, | § |
| | § |
| *Plaintiff,* | § |
| | § |
| ~v~ | § |
| | § **No. 18C1153** |
| CORECIVIC OF TENNESSEE, LLC | § |
| (formerly known as CCA of | § **JURY DEMAND** |
| Tennessee, LLC), | § |
| | § |
| CORECIVIC, INC., | § |
| (formerly known as Corrections | § |
| Corporation of American Inc.), | § |
| | § |
| CORRECT CARE SOLUTIONS, LLC, | § |
| | § |
| HAMILTON COUNTY GOVERNMENT, | § |
| | § |
| UNKNOWN NUMBER OF JANE OR | § |
| JOHN DOES, | § |
| (individually and as unknown male and | § |
| female agents, staff, guards, and/or | § |
| medical doctors or nurses performing | § |
| duties and working at location known | § |
| herein as "Silverdale"), | § |
| | § |
| *Defendants.* | § |

## SUMMONS

**To:   CORE CIVIC INC.**
c/o CT Corp System- Registered Agent
300 Montvue Road
Knoxville, Tennessee  37919

　　　You are hereby summoned to answer and make defense to a Bill of Complaint, which has been filed in the Circuit Court for Hamilton County, Tennessee in the above styled case. Your defense to this Complaint must be filed in the office of the Clerk of Circuit Court for Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

WITNESSED and issued this the 15 day of October, 2018

**LARRY HENRY, CLERK**

# SERVICE RETURN

LARRY HENRY, CLERK

BY: _____ D.C.

---

**NOTICE TO DEFENDANT(S)**

Tennessee law provides a four thousand ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks and other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should and of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

## CIRCUIT COURT FOR HAMILTON COUNTY
### State of Tennessee

| | | |
|---|---|---|
| TODD RUSSELL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| ~v~ | § | |
| | § | No. 18c1153 |
| CORECIVIC OF TENNESSEE, LLC | § | |
| (formerly known as CCA of | § | **JURY DEMAND** |
| Tennessee, LLC), | § | |
| | § | |
| CORECIVIC, INC., | § | |
| (formerly known as Corrections | § | |
| Corporation of American Inc.), | § | |
| | § | |
| CORRECT CARE SOLUTIONS, LLC, | § | |
| | § | |
| HAMILTON COUNTY GOVERNMENT, | § | |
| | § | |
| UNKNOWN NUMBER OF JANE OR | § | |
| JOHN DOES, | § | |
| (individually and as unknown male and | § | |
| female agents, staff, guards, and/or | § | |
| medical doctors or nurses performing | § | |
| duties and working at location known | § | |
| herein as "Silverdale"), | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

### AFFIDAVIT OF SERVICE

1.      I am Wendi Sloop, Sr. Paralegal to Robin Flores, and I have first-hand information of the facts I state herein, and I am competent to make this affidavit.

2.      On October 15, 2018, I mailed by certified mail – receipt number 70172400000021157768 a copy of the Summons and Complaint to Correct Care Solutions, c/o Corporate Creations Network Inc., 205 Powel Place, Brentwood, TN 37027.

3.      On October 22, 2018, I received the green return receipt signed by what appears to be the name A. Walth on October 19, 2018.  [Exhibit A]

AFFIANT STATES NOTHING FURTHER.

　
STATE OF TENNESSEE )
HAMILTON COUNTY )

I, Wendi Sloop, first being duly sworn, do hereby make solemn oath that the facts contained in this affidavit are true to the best of my knowledge, information and belief.

This the _22_ day of October, 2018.

_Wendi Sloop_
Wendi Sloop

Sworn to before me this _22_ day of October, 2018.

_____
Notary Public
My commission expires: _7-9-22_

[Notary seal: CLAYTON JONES / STATE OF TENNESSEE / NOTARY PUBLIC / HAMILTON COUNTY]

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Correct Care Solutions, LLC
C/o Corporate Creations Network Inc.
205 Powell Place
Brentwood, TN 37027

9590 9402 3249 7196 6231 25

2. Article Number (Transfer from service label)

7017 2400 0000 2115 7768

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
ALWALIH                         10-19-18

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

FILED IN OFFICE
DATE/TIME 10|24|18
LARRY L. HENRY, CLERK
BY _____ D.C.

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

EX. A



FILED IN OFFICE
2018 OCT 15 PM 12:50
LARRY L. HENRY, CLERK
BY Hu

**CIRCUIT COURT FOR HAMILTON COUNTY**
**State of Tennessee**

| | | |
|---|---|---|
| TODD RUSSELL,<br><br>*Plaintiff,*<br><br>~v~<br><br>CORECIVIC OF TENNESSEE, LLC (formerly known as CCA of Tennessee, LLC),<br><br>CORECIVIC, INC., (formerly known as Corrections Corporation of American Inc.),<br><br>CORRECT CARE SOLUTIONS, LLC,<br><br>HAMILTON COUNTY GOVERNMENT,<br><br>UNKNOWN NUMBER OF JANE OR JOHN DOES, (individually and as unknown male and female agents, staff, guards, and/or medical doctors or nurses performing duties and working at location known herein as "Silverdale"),<br><br>*Defendants.* | § | No. 18C1153<br><br>**JURY DEMAND** |

## SUMMONS

**To: CORRECT CARE SOLUTIONS, LLC**
c/o Corporate Creations Netwoork, Inc. - Registered Agent
205 Powell Place
Brentwood, Tennessee 37027

You are hereby summoned to answer and make defense to a Bill of Complaint, which has been filed in the Circuit Court for Hamilton County, Tennessee in the above styled case. Your defense to this Complaint must be filed in the office of the Clerk of Circuit Court for Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

WITNESSED and issued this the 15 day of October, 2018

LARRY HENRY, CLERK

**SERVICE RETURN**

**LARRY HENRY, CLERK**

By:_____ D.C.

---

### NOTICE TO DEFENDANT(S)

Tennessee law provides a four thousand ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks and other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should and of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

## CIRCUIT COURT FOR HAMILTON COUNTY
### State of Tennessee

TODD RUSSELL,                                    §
                                                 §
       *Plaintiff,*                            §
                                                 §
~v~                                              §
                                                 §
CORECIVIC OF TENNESSEE, LLC                      §
(formerly known as CCA of                        §
Tennessee, LLC),                                 §
                                                 §
CORECIVIC, INC.,                                 §
(formerly known as Corrections                   §
Corporation of American Inc.),                   §
                                                 §
CORRECT CARE SOLUTIONS, LLC,                     §
                                                 §
HAMILTON COUNTY GOVERNMENT,                      §
                                                 §
UNKNOWN NUMBER OF JANE OR                        §
JOHN DOES,                                       §
(individually and as unknown male and            §
female agents, staff, guards, and/or             §
medical doctors or nurses performing             §
duties and working at location known             §
herein as "Silverdale"),                         §
                                                 §
       *Defendants.*                           §

No. 18C1153

**JURY DEMAND**



### AFFIDAVIT OF SERVICE

1.     I am Clayton Jones, and I have first-hand information of the facts I state herein, and I am competent to make this affidavit.

2.     On October 15, 2018, a Summons was issued for Defendant, Hamilton County Government.

3.     On October 15, 2018, I personally served the Defendant, Hamilton County Government at the Hamilton County Attorney's Office, c/o Rheubin Taylor, located at 625 Georgia Avenue, Suite 204, Chattanooga, TN 37402. I served the complaint to Paige Brown, who works for Mr. Taylor in the Hamilton County Attorney's Office.

## CIRCUIT COURT FOR HAMILTON COUNTY
### State of Tennessee

| | |
|---|---|
| TODD RUSSELL, §<br>§<br>*Plaintiff,* §<br>§<br>~v~ §<br>§<br>CORECIVIC OF TENNESSEE, LLC §<br>(formerly known as CCA of §<br>Tennessee, LLC), §<br>§<br>CORECIVIC, INC., §<br>(formerly known as Corrections §<br>Corporation of American Inc.), §<br>§<br>CORRECT CARE SOLUTIONS, LLC, §<br>§<br>HAMILTON COUNTY GOVERNMENT, §<br>§<br>UNKNOWN NUMBER OF JANE OR §<br>JOHN DOES, §<br>(individually and as unknown male and §<br>female agents, staff, guards, and/or §<br>medical doctors or nurses performing §<br>duties and working at location known §<br>herein as "Silverdale"), §<br>§<br>*Defendants.* § | No. 18C1153<br><br>**JURY DEMAND** |

*FILED IN OFFICE 2018 OCT 15 PM 12:47 LARRY L. HENRY, CLERK BY HH*

## SUMMONS

**To:** **HAMILTON COUNTY GOVERNMENT**
c/o Rheubin Taylor, County Attorney
625 Georgia Avenue, Suite 204
Chattanooga, Tennessee 37402

You are hereby summoned to answer and make defense to a Bill of Complaint, which has been filed in the Circuit Court for Hamilton County, Tennessee in the above styled case. Your defense to this Complaint must be filed in the office of the Clerk of Circuit Court for Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

WITNESSED and issued this the 15 day of October, 2018

**LARRY HENRY, CLERK**

## SERVICE RETURN



LARRY HENRY, CLERK

BY: _____ D.C.

**NOTICE TO DEFENDANT(S)**

Tennessee law provides a four thousand ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks and other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should and of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.