UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| TODD RUSSELL, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number 1:18-CV-268 |
| | ) | District Judge Travis R. McDonough |
| CORECIVIC, INC., CORECIVIC | ) | Magistrate Judge Christopher H. Steger |
| OF TENNESSEE, LLC, HAMILTON | ) | Jury Demand |
| COUNTY, TENNESSEE, CORRECT | ) | |
| CARE SOLUTIONS, LLC, and | ) | |
| UNKNOWN JOHN OR JANE DOES, | ) | |
| | ) | |
|     Defendants. | ) | |

## ANSWER

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants CoreCivic, Inc., CoreCivic of Tennessee, LLC, and Hamilton County, Tennessee ("Hamilton County") answer the allegations of the Complaint filed by Plaintiff Todd Russell ("Russell").

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
**(Answer to Complaint, Docket Entry 1-1)**

As to each allegation in the Complaint, Defendants respond as follows:

1. Defendants deny the allegations in paragraph 1 of the Complaint and all allegations of wrongdoing.

2. Defendants admit that 28 U.S.C. § 1331 and 28 U.S.C. § 1343 provide this Court with original jurisdiction over Russell's federal law claims and that 28 U.S.C. § 1367(a) provides

this Court with supplemental jurisdiction over Russell's state law claims. Defendants deny the remaining allegations in paragraph 2 of the Complaint and all allegations of wrongdoing.

3. Defendants admit that venue is proper in this Court. Defendants deny all allegations of wrongdoing.

4. Defendants admit that CoreCivic, Inc. operates the Silverdale Detention Facility ("Silverdale") and that Silverdale is located in Chattanooga, Tennessee. Defendants deny the remaining allegations in paragraph 4 of the Complaint.

5. Defendants admit that CoreCivic, Inc. and CoreCivic of Tennessee, LLC have a business address of 10 Burton Hills Boulevard, Nashville, Tennessee 37215 and that CoreCivic, Inc. and CoreCivic of Tennessee, LLC can be served through their registered agent for service of process, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

6. Defendants admit that CoreCivic, Inc. incarcerates local, state, and federal inmates at Silverdale. The allegations in paragraph 6 of the Complaint regarding the legal status of the relationship that CoreCivic, Inc. and CoreCivic of Tennessee, LLC have with Hamilton County and regarding their status as state actors are legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 6 of the Complaint and all allegations of wrongdoing.

7. Defendants admit that CoreCivic, Inc. designs, constructs, and manages detention facilities, jails, and prisons and that CoreCivic, Inc. transports the inmates it incarcerates when necessary.

8. Defendants admit that CoreCivic, Inc. operates Silverdale. The remaining allegations in paragraph 8 of the Complaint are legal conclusions to which no response is required.

9. Defendants admit that CoreCivic, Inc. operates Silverdale. The remaining allegations in paragraph 9 of the Complaint are legal conclusions to which no response is required. Defendants deny all allegations of wrongdoing.

10. The allegations in paragraph 10 of the Complaint are legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

11. Defendants admit that agents and employees of CoreCivic of Tennessee, LLC care for, discipline, feed, and supervise the inmates who are incarcerated at Silverdale.

12. Defendants admit that agents and employees of CoreCivic of Tennessee, LLC care for discipline, feed, and supervise the inmates who are incarcerated at Silverdale. Defendants deny that these individuals provide medical treatment to the inmates who are incarcerated at Silverdale because agents and employees of Defendant Correct Care Solutions, LLC ("CCS") provide medical treatment to the inmates who are incarcerated at Silverdale. The remaining allegations in paragraph 12 of the Complaint are legal conclusions to which no response is required.

13. The allegations in paragraph 13 of the Complaint are legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

14. The allegations in paragraph 14 of the Complaint are legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

15. Defendants admit that Hamilton County is a political subdivision of the State of Tennessee.

16. Defendants admit that CoreCivic, Inc. operates Silverdale pursuant to a contract with Hamilton County. The remaining allegations in paragraph 16 of the Complaint are legal conclusions to which no response is required.

17. The allegations in paragraph 17 of the Complaint are legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

18. The allegations in paragraph 18 of the Complaint are legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

19. The allegations in paragraph 19 of the Complaint are legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

20. The allegations in paragraph 20 of the Complaint are legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

21. The allegations in paragraph 21 of the Complaint are legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

22. The allegations in paragraph 22 of the Complaint are legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

23. The allegations in paragraph 23 of the Complaint are not directed at Defendants, and no response is required.

24. The allegations in paragraph 24 of the Complaint are not directed at Defendants, and no response is required.

25. The allegations in paragraph 25 of the Complaint are not directed at Defendants, and no response is required.

26. The allegations in paragraph 26 of the Complaint are not directed at Defendants, and no response is required.

27. The allegations in paragraph 27 of the Complaint are not directed at Defendants, and no response is required.

28. The allegations in paragraph 28 of the Complaint are not directed at Defendants, and no response is required.

29. The allegations in paragraph 29 of the Complaint are not directed at Defendants, and no response is required.

30. The allegations in paragraph 30 of the Complaint are not directed at Defendants, and no response is required.

31. The allegations in paragraph 31 of the Complaint are not directed at Defendants, and no response is required.

32. The allegations in paragraph 32 of the Complaint are not directed at Defendants, and no response is required.

33. Defendants admit that CCS provides medical treatment to the inmates who are incarcerated at Silverdale. The remaining allegations are legal conclusions to which no response is required. Defendants deny all allegations of wrongdoing.

34. The allegations in paragraph 34 of the Complaint are legal conclusions to which no response is required.

35. Defendants admit that Russell was incarcerated at Silverdale on January 23, 2018. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 35 of the Complaint.

36. Defendants currently lack knowledge or information sufficient to admit or deny the allegations in paragraph 36 of the Complaint.

37. Defendants currently lack knowledge or information sufficient to admit or deny the allegations in paragraph 37 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

38. Defendants currently lack knowledge or information sufficient to admit or deny the allegations in paragraph 38 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

39. Defendants deny the allegations in paragraph 39 of the Complaint and all allegations of wrongdoing.

40. Defendants deny the allegations in paragraph 40 of the Complaint and all allegations of wrongdoing.

41. Defendants deny the allegations in paragraph 41 of the Complaint and all allegations of wrongdoing.

42. Defendants deny the allegations in paragraph 42 of the Complaint and all allegations of wrongdoing.

43. Defendants currently lack knowledge or information sufficient to admit or deny the allegations in paragraph 43 of the Complaint regarding a conversation between Russell, Jason Clark, and Joe Fowler. Defendants deny the remaining allegations in paragraph 43 of the Complaint and all allegations of wrongdoing.

44. Defendants currently lack knowledge or information sufficient to admit or deny the allegations in paragraph 44 of the Complaint regarding a conversation between Russell, Jason Clark, and Joe Fowler. Defendants deny the remaining allegations in paragraph 44 of the Complaint and all allegations of wrongdoing.

45. Defendants currently lack knowledge or information sufficient to admit or deny the allegations in paragraph 45 of the Complaint regarding a conversation between Russell and Jason Clark. Defendants admit that Russell received offsite medical treatment on January 24, 2018. Defendants deny all allegations of wrongdoing.

46. Defendants currently lack knowledge or information sufficient to admit or deny the allegations in paragraph 46 of the Complaint regarding a conversation between Russell and Jason Clark. Defendants admit that Russell received offsite medical treatment on January 24, 2018. Defendants deny all allegations of wrongdoing.

47. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 47 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

48. Defendants deny the allegations in paragraph 48 of the Complaint and all allegations of wrongdoing.

49. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 49 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

50. Defendants admit that Russell was transported to Silverdale following his evaluation by offsite medical providers. The allegations in paragraph 50 of the Complaint regarding the medications that Russell received is not directed at Defendants, and no response is required. Defendants deny the remaining allegations in paragraph 50 of the Complaint and all allegations of wrongdoing.

51. The allegations in paragraph 51 of the Complaint are not directed at Defendants because CCS provides medical treatment to the inmates who are incarcerated at Silverdale. Nevertheless, Defendants deny the allegations in paragraph 51 of the Complaint and all allegations of wrongdoing.

52. The allegations in paragraph 52 of the Complaint are not directed at Defendants because CCS provides medical treatment to the inmates who are incarcerated at Silverdale.

Nevertheless, Defendants deny the allegations in paragraph 52 of the Complaint and all allegations of wrongdoing.

53. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 53 of the Complaint. Nevertheless, Defendants deny the allegations in paragraph 53 of the Complaint and all allegations of wrongdoing.

54. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 54 of the Complaint. Nevertheless, Defendants deny the allegations in paragraph 54 of the Complaint and all allegations of wrongdoing.

55. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 55 of the Complaint. Nevertheless, Defendants deny the allegations in paragraph 55 of the Complaint and all allegations of wrongdoing.

56. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 56 of the Complaint. Nevertheless, Defendants deny the allegations in paragraph 56 of the Complaint and all allegations of wrongdoing.

57. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 57 of the Complaint. Nevertheless, Defendants deny the allegations in paragraph 57 of the Complaint and all allegations of wrongdoing.

58. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 58 of the Complaint. Nevertheless, Defendants deny the allegations in paragraph 58 of the Complaint and all allegations of wrongdoing.

59. Defendants deny the allegations in paragraph 59 of the Complaint and all allegations of wrongdoing.

60. Defendants deny the allegations in paragraph 60 of the Complaint and all allegations of wrongdoing.

61. Defendants deny the allegations in paragraph 61 of the Complaint and all allegations of wrongdoing.

62. No response is required to paragraph 62 of the Complaint.

63. The allegations in paragraph 63 of the Complaint are legal conclusions to which no response is required.

64. Defendants deny the allegations in paragraph 64 of the Complaint and all allegations of wrongdoing.

65. Defendants deny the allegations in paragraph 65 of the Complaint and all allegations of wrongdoing.

66. Defendants deny the allegations in paragraph 66 of the Complaint and all allegations of wrongdoing.

67. Defendants deny the allegations in paragraph 67 of the Complaint and all allegations of wrongdoing.

68. Defendants deny the allegations in paragraph 68 of the Complaint and all allegations of wrongdoing.

69. The allegations in paragraph 69 of the Complaint regarding duty are legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 69 of the Complaint and all allegations of wrongdoing.

70. Defendants deny the allegations in paragraph 70 of the Complaint and all allegations of wrongdoing.

71. Defendants deny the allegations in paragraph 71 of the Complaint and all allegations of wrongdoing.

72. No response is required to paragraph 72 of the Complaint.

73. The allegations in paragraph 73 of the Complaint regarding duty are legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 73 of the Complaint and all allegations of wrongdoing.

74. Defendants deny the allegations in paragraph 74 of the Complaint and all allegations of wrongdoing.

75. Defendants deny the allegations in paragraph 75 of the Complaint and all allegations of wrongdoing.

76. Defendants deny the allegations in paragraph 76 of the Complaint and all allegations of wrongdoing.

77. Defendants deny the allegations in paragraph 77 of the Complaint and all allegations of wrongdoing.

78. Defendants deny the allegations in paragraph 78 of the Complaint and all allegations of wrongdoing.

79. Defendants deny the allegations in paragraph 79 of the Complaint and all allegations of wrongdoing.

80. Defendants deny the allegations in paragraph 80 of the Complaint and all allegations of wrongdoing.

81. The allegations in paragraph 81 of the Complaint are legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

82. The allegations in paragraph 82 of the Complaint regarding duty are legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 82 of the Complaint and all allegations of wrongdoing.

83. Defendants deny the allegations in paragraph 83 of the Complaint and all allegations of wrongdoing.

84. The allegations in paragraph 84 of the Complaint regarding duty are legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

85. Defendants deny the allegations in paragraph 85 of the Complaint and all allegations of wrongdoing.

86. Defendants deny the allegations in paragraph 86 of the Complaint and all allegations of wrongdoing.

Defendants deny that Russell is entitled to the relief that he seeks in the Complaint.

All allegations not previously admitted hereby are denied.

### THIRD DEFENSE

Defendants acted at all times relevant to the Complaint in accordance with common law, statutory law, and constitutional obligations without any actual intent to cause Russell harm.

### FOURTH DEFENSE

Defendants' liability for punitive damages, if any, is limited by the Due Process Clause of the United States Constitution.

### FIFTH DEFENSE

All or part of Russell's claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983").

## SIXTH DEFENSE

In the event that Russell was a prisoner on the date on which he filed the pending lawsuit, his claims are barred based upon his failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

## SEVENTH DEFENSE

Russell's claims against Defendants brought pursuant to Section 1983 fail to state a claim upon which relief can be granted because Russell cannot hold Defendants liable for the alleged constitutional violations of others on a *respondeat-superior* theory of liability.

## EIGHTH DEFENSE

Defendants were not deliberately indifferent.

## NINTH DEFENSE

Russell's Section 1983 claim cannot stand because he cannot assert a physical injury that resulted from wrongdoing by Defendants.

## TENTH DEFENSE

Any procedural due process claim cannot stand because Russell cannot establish the elements of a procedural due process claim, including that he had a life, liberty, or property interest protected by the Due Process Clause, that Defendants deprived him of any protected interest, and that Defendants did not afford him adequate procedural rights prior to depriving him of the property interest.

## ELEVENTH DEFENSE

Any substantive due process claim cannot stand because Russell cannot establish the elements of a substantive due process claim, including that he has a protected property interest,

that Defendants denied him of an immunity, right, or privilege secured by the United States Constitution or a federal statute, or that Defendants' conduct shocks the conscience.

## TWELFTH DEFENSE

Russell's claims are barred in whole or in part by the doctrine of comparative fault, including the fault of CCS and the fault of Cecil Bernard Skyles ("Skyles").

## THIRTEENTH DEFENSE

The actions of Russell, CCS, and Skyles constitute the intervening, superseding cause of any and all injuries to Russell.

## FOURTEENTH DEFENSE

Certain of Russell's claims sound in medical malpractice, and Russell failed to comply with T.C.A. § 29-26-121 or T.C.A. § 29-26-122.

## FIFTEENTH DEFENSE

CoreCivic, Inc. contracted with CCS to provide medical treatment to the inmates who are incarcerated at Silverdale, and Defendants are not responsible for any claimed deficiencies in the medical treatment that was provided to Russell.

## SIXTEENTH DEFENSE

Defendants rely upon any and all immunities, whether absolute or qualified.

Defendants request that the Court dismiss the Complaint with prejudice and tax costs to Russell.

Defendants demand a jury to try this cause.

Respectfully submitted,

/s/ Erin Palmer Polly
Joseph F. Welborn (#15076)
Erin Palmer Polly (#22221)
Terrence M. McKelvey (#36531)
Butler Snow LLP
The Pinnacle at Symphony Place
150 Third Avenue, South
Nashville, Tennessee 37201
(615) 651-6700

*Counsel for Defendants CoreCivic, Inc., CoreCivic of Tennessee, LLC, and Hamilton County, Tennessee*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this November 9, 2018, on the following:

| | |
|---|---|
| Robin Ruben Flores<br>4110-A Brainerd Road<br>Chattanooga, Tennessee 37411 | Lisa Ramsay Cole<br>Susan West Carey<br>Lewis, Thomason, King, Krieg & Waldrop, P.C.<br>424 Church Street, Suite 2500<br>Nashville, Tennessee 37219 |

/s/ Erin Palmer Polly

44981494.v1