# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| TODD RUSSELL, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No.: 1:18-cv-00268 |
| v. ) | Jury Demand |
| ) | District Judge Travis R McDonough |
| ) | Magistrate Judge Christopher H Steger |
| CORECIVIC, INC., CORECIVIC, OF ) | |
| TENNESSEE, LLC, HAMILTON ) | |
| COUNTY, TENNESSEE, CORRECT ) | |
| CARE SOLUTIONS, LLC, and ) | |
| UNKNOWN JOHN OR JANE DOES, ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER OF DEFENDANT CORRECT CARE SOLUTIONS, LLC

Comes now the Defendant, Correct Care Solutions, LLC, (hereinafter "CCS), and answers the complaint filed against it as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

(Answer to Complaint, Docket Entry 1-1)

As to each allegation in the Complaint, Defendant responds as follows:

1. Defendant denies the allegations in paragraph 1 of the Complaint and all allegations of wrongdoing.

2. Defendant admits that 28 U.S.C. § 1331 and 28 U.S.C. § 1343 provide this Court with original jurisdiction over Plaintiff's federal law claims and that 28 U.S.C. § 1367(a) provides this

Court with supplemental jurisdiction over Plaintiff's state law claims. Defendant denies the remaining allegations in paragraph 2 of the Complaint and all allegations of wrongdoing.

3. Defendant admits that venue is proper in this Court. Defendant denies all allegations of wrongdoing.

4. The allegations in paragraph 4 of the Complaint are not directed at Defendant, and no response is required.

5. The allegations in paragraph 5 of the Complaint are not directed at Defendant, and no response is required.

6. The allegations in paragraph 6of the Complaint are not directed at Defendant, and no response is required.

7. The allegations in paragraph 7 of the Complaint are not directed at Defendant, and no response is required.

8. The allegations in paragraph 8 of the Complaint are not directed at Defendant, and no response is required.

9. The allegations in paragraph 9 of the Complaint are not directed at Defendant, and no response is required.

10. The allegations in paragraph 10 of the Complaint are not directed at Defendant, and no response is required.

11. The allegations in paragraph 11 of the Complaint are not directed at Defendant, and no response is required.

12. The allegations in paragraph 12 of the Complaint are not directed at Defendant, and no response is required.

13. The allegations in paragraph 13 of the Complaint are not directed at Defendant, and no response is required.

14. The allegations in paragraph 14 of the Complaint are not directed at Defendant, and no response is required.

15. The allegations in paragraph 15 of the Complaint are not directed at Defendant, and no response is required.

16. The allegations in paragraph 16 of the Complaint are not directed at Defendant, and no response is required.

17. The allegations in paragraph 17 of the Complaint are not directed at Defendant, and no response is required.

18. The allegations in paragraph 18 of the Complaint are not directed at Defendant, and no response is required.

19. The allegations in paragraph 19 of the Complaint are not directed at Defendant, and no response is required.

20. The allegations in paragraph 20 of the Complaint are not directed at Defendant, and no response is required.

21. The allegations in paragraph 21 of the Complaint are not directed at Defendant, and no response is required.

22. The allegations in paragraph 22 of the Complaint are not directed at Defendant, and no response is required.

23. Defendant admits the allegations in paragraph 23 of the Complaint but denies all allegations of wrongdoing.

24. Defendant admits the allegations in paragraph 24 of the Complaint but denies all allegations of wrongdoing.

25. Defendant admits the allegations in paragraph 25 of the Complaint but denies all allegations of wrongdoing.

26. Defendant admits the allegations in paragraph 26 of the Complaint but denies all allegations of wrongdoing.

27. Defendant admits the allegations in paragraph 27 of the Complaint but denies all allegations of wrongdoing.

28. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 28 of the Complaint. Defendant denies all allegations of wrongdoing.

29. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 29 of the Complaint. Defendant denies all allegations of wrongdoing.

30. Defendant admits the allegations in paragraph 30 of the Complaint but denies all allegations of wrongdoing.

31. Defendant denies that Plaintiff may hold Defendant liable for the alleged constitutional violations of others on a respondeat-superior theory of liability. Defendant denies all allegations of wrongdoing.

32. Defendant denies that Plaintiff may hold Defendant liable for the alleged constitutional violations of others on a respondeat-superior theory of liability. Defendant denies all allegations of wrongdoing.

33. Defendant admits that Defendant provides medical treatment to the inmates who are incarcerated at Silverdale. The remaining allegations are legal conclusions to which no response is required. Nevertheless, Defendant denies all allegations of wrongdoing.

34. The allegations in paragraph 34 of the Complaint are legal conclusions to which no response is required.

35. Defendant admits that Plaintiff was incarcerated at Silverdale on January 23, 2018. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 35 of the Complaint.

36. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 36 of the Complaint.

37. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 37 of the Complaint.

38. Defendant admits that Plaintiff had a medical condition as described in paragraph 38 of the Complaint but lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint and all allegations of wrongdoing.

40. Defendant provides medical treatment to the inmates who are incarcerated at Silverdale. Defendant denies all allegations of wrongdoing.

41. Defendant denies the allegations in paragraph 41 of the Complaint and all allegations of wrongdoing.

42. Defendant denies the allegations in paragraph 42 of the Complaint and all allegations of wrongdoing.

43. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 43 of the Complaint. Defendant denies allegations of wrongdoing.

44. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 44 of the Complaint and denies all allegations of wrongdoing.

45. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 45 of the Complaint regarding a conversation between Plaintiff and Jason Clark. Defendant admits that Plaintiff received offsite medical treatment on January 24, 2018. Defendant denies all allegations of wrongdoing.

46. Defendant admits that Plaintiff received offsite medical treatment on January 24, 2018. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 46 of the Complaint and denies all allegations of wrongdoing.

47. The allegations in paragraph 47 of the Complaint are not directed at Defendant, and no response is required. Defendant denies all allegations of wrongdoing.

48. To the extent the allegations in paragraph 49 of the Complaint are not directed at Defendant, no response is required. Defendant denies the remaining allegations in paragraph 48 of the Complaint and all allegations of wrongdoing.

49. The allegations in paragraph 49 of the Complaint are not directed at Defendant, and no response is required. Defendant denies all allegations of wrongdoing.

50. Defendant admits Plaintiff returned to Silverdale and was provided medical treatment which included but was not limited to pain relieving medication and liquid diet necessitated by his injuries. Defendant denies all allegations of wrongdoing.

51. Defendant denies the allegations in paragraph 51 of the Complaint and all allegations of wrongdoing.

52. Defendant denies the allegations in paragraph 52 of the Complaint and all allegations of wrongdoing.

53. Defendant admits Hamilton County Criminal Court Judge Tom Greenholtz received and inquired as to inmates' claims they were not receiving medical care. Defendant denies all allegations of wrongdoing.

54. Defendants admit Judge Greenholtz issued Orders to Appear to Silverdale officials to bring records and appear to discuss inmates receiving proper medication. Defendant denies all allegations of wrongdoing.

55. Defendant admits that Silverdale inmates seeking furlough have made various claims of inadequate medical care. The provisions of HIPAA prevent further response by Defendant to these allegations. Defendant denies all allegations of wrongdoing.

56. Defendant admits that Silverdale inmates seeking furlough have made various claims of inadequate medical care. The provisions of HIPAA prevent further response by Defendant to these allegations. Defendant denies all allegations of wrongdoing.

57. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 57 of the Complaint. Defendant denies all allegations of wrongdoing.

58. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 58 of the Complaint. Defendant denies all allegations of wrongdoing.

59. Defendant denies the allegations in paragraph 59 of the Complaint and all allegations of wrongdoing.

60. Defendant denies the allegations in paragraph 60 of the Complaint and all allegations of wrongdoing.

61. Defendant denies the allegations in paragraph 61 of the Complaint and all allegations of wrongdoing.

62. No response is required to paragraph 62 of the Complaint.

63. The allegations in paragraph 63 of the Complaint are legal conclusions to which no response is required.

64. Defendant denies the allegations in paragraph 64 of the Complaint and all allegations of wrongdoing.

65. Defendant denies the allegations in paragraph 65 of the Complaint and all allegations of wrongdoing.

66. Defendant denies the allegations in paragraph 66 of the Complaint and all allegations of wrongdoing.

67. Defendant denies the allegations in paragraph 67 of the Complaint and all allegations of wrongdoing.

68. Defendant denies the allegations in paragraph 68 of the Complaint and all allegations of wrongdoing.

69. The allegations in paragraph 69 of the Complaint regarding duty are legal conclusions to which no response is required. Defendant denies the remaining allegations in paragraph 69 of the Complaint and all allegations of wrongdoing.

70. Defendant denies the allegations in paragraph 70 of the Complaint and all allegations of wrongdoing.

71. Defendant denies the allegations in paragraph 71 of the Complaint and all allegations of wrongdoing.

72. No response is required to paragraph 72 of the Complaint.

73. The allegations in paragraph 73 of the Complaint regarding duty are legal conclusions to which no response is required. Defendant denies the remaining allegations in paragraph 73 of the Complaint and all allegations of wrongdoing.

74. Defendant denies the allegations in paragraph 74 of the Complaint and all allegations of wrongdoing.

75. The allegations in paragraph 75 of the Complaint are not directed at Defendant, and no response is required. Defendant denies all allegations of wrongdoing.

76. The allegations in paragraph 76 of the Complaint are not directed at Defendant, and no response is required. Defendant denies all allegations of wrongdoing.

77. The allegations in paragraph 77 of the Complaint are not directed at Defendant, and no response is required. Defendant denies all allegations of wrongdoing.

78. To the extent the allegations in paragraph 78 of the Complaint are not directed at Defendant, no response is required. Defendant denies the remaining allegations in paragraph 48 of the Complaint and all allegations of wrongdoing.

79. To the extent the allegations in paragraph 79 of the Complaint are not directed at Defendant, no response is required. Defendant denies the remaining allegations in paragraph 48 of the Complaint and all allegations of wrongdoing.

80. To the extent the allegations in paragraph 80 of the Complaint are not directed at Defendant, no response is required. Defendant denies the remaining allegations in paragraph 48 of the Complaint and all allegations of wrongdoing.

81. The allegations in paragraph 81 of the Complaint are legal conclusions to which no response is required. Nevertheless, Defendant denies all allegations of wrongdoing.

82. The allegations in paragraph 82 of the Complaint regarding duty are legal conclusions to which no response is required. Defendant denies the remaining allegations in paragraph 82 of the Complaint and all allegations of wrongdoing.

83. Defendant denies the allegations in paragraph 83 of the Complaint and all allegations of wrongdoing.

84. The allegations in paragraph 84 of the Complaint regarding duty are legal conclusions to which no response is required. Nevertheless, Defendant denies all allegations of wrongdoing.

85. Defendant denies the allegations in paragraph 85 of the Complaint and all allegations of wrongdoing.

86. Defendant denies the allegations in paragraph 86 (mis-numbered by Plaintiff as paragraph 56) of the Complaint and all allegations of wrongdoing.

Defendant denies that Plaintiff is entitled to the relief that he seeks in the Complaint.

All allegations not previously admitted hereby are denied.

### THIRD DEFENSE

Defendant acted at all times relevant to the Complaint in accordance with common law, statutory law, and constitutional obligations without any actual intent to cause Plaintiff harm.

### FOURTH DEFENSE

Defendant's liability for punitive damages, if any, is limited by the Due Process Clause of the United States Constitution.

### FIFTH DEFENSE

All or part of Plaintiff's claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983").

### SIXTH DEFENSE

In the event that Plaintiff was a prisoner on the date on which he filed the pending lawsuit, his claims are barred based upon his failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

## SEVENTH DEFENSE

Plaintiff's claims against Defendant brought pursuant to Section 1983 fail to state a claim upon which relief can be granted because Plaintiff cannot hold Defendant liable for the alleged constitutional violations of others on a respondeat-superior theory of liability.

## EIGHTH DEFENSE

Defendant was not deliberately indifferent.

## NINTH DEFENSE

Plaintiff's Section 1983 claim cannot stand because he cannot assert a physical injury that resulted from wrongdoing by Defendant.

## TENTH DEFENSE

Any procedural due process claim cannot stand because Plaintiff cannot establish the elements of a procedural due process claim, including that he had a life, liberty, or property interest protected by the Due Process Clause, that Defendant deprived him of any protected interest, and that Defendant did not afford him adequate procedural rights prior to depriving him of the property interest.

## ELEVENTH DEFENSE

Any substantive due process claim cannot stand because Plaintiff cannot establish the elements of a substantive due process claim, including that he has a protected property interest, that Defendant denied him of an immunity, right, or privilege secured by the United States Constitution or a federal statute, or that Defendant's conduct shocks the conscience.

## TWELFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of comparative fault, including the fault of CoreCivic, Hamilton County and the fault of Cecil Bernard Skyles ("Skyles").

**THIRTEENTH DEFENSE**

The actions of Plaintiff, CoreCivic, Hamilton County and Skyles constitute the intervening, superseding cause of any and all injuries to Plaintiff.

**FOURTEENTH DEFENSE**

Certain of Plaintiff's claims sound in medical malpractice, and Plaintiff failed to comply with T.C.A. § 29-26-121 or T.C.A. § 29-26-122.

**FIFTEENTH DEFENSE**

Defendant provided provide medical treatment to the inmates who are incarcerated at Silverdale and was not responsible for any claimed deficiencies in the security or transport that was provided to Plaintiff.

**SIXTEENTH DEFENSE**

Defendant relies upon any and all immunities, whether absolute or qualified.

**SEVENTEENTH DEFENSE**

Plaintiff has not identified or alleged a specific policy, practice, custom or procedure that was the moving force behind any of the acts complained of, or that it was violated, to the extent one exists, and as such has failed to properly state a claim under 42 U.S.C. § 1983 or otherwise.

**EIGHTEENTH DEFENSE**

Defendant affirmatively asserts that even if Plaintiff's allegations are proven true, the allegations amount to mere negligence.

## NINETEENTH DEFENSE

Defendant affirmatively asserts that Plaintiff can show no detrimental effect upon his health from any acts complained of.

## TWENTIETH DEFENSE

Defendant affirmatively asserts that any procedures its employees carried out, if any, with respect to Plaintiff's medical care, were performed to the requisite standard of acceptable professional practice. Moreover, even if it should be shown that any such procedures were not performed in accordance with the standard of acceptable professional practice, Defendant asserts that any such noncompliance on its employees' respective parts, which such noncompliance is specifically denied, did not proximately cause or contribute to the injuries or damages alleged herein.

## TWENTY-FIRST DEFENSE

To the extent Plaintiff is attempting to make a claim against Defendant for a violation of the ADA, Plaintiff fails to state a claim against Defendant for alleged violation of the ADA.

## TWENTY-SECOND DEFENSE

Plaintiff failed to mitigate his damages or take steps to minimize his damages, and Plaintiff may not recover any damages that could have been avoided.

## TWENTY-THIRD DEFENSE

Defendant's investigation into this matter is ongoing, and it is without sufficient information at this time regarding the assertion of any cross-claims, counter-claims and/or third-party claims against any other parties. Defendant specifically reserves the right to amend this Answer to include such cross-claims, counter-claims and/or third-party claims as appropriate as investigation and discovery in this matter continue.

## TWENTY-FOURTH DEFENSE

Defendant is presently without information as to the availability or applicability of any other affirmative defenses, and Defendant reserves the right to amend this Answer to plead any affirmative defenses.

Defendant requests that the Court dismiss the Complaint with prejudice and tax costs to Plaintiff.

Defendant demands a jury to try this cause.

WHEREFORE, Defendant denies that it is liable to Plaintiff in the amount sued or for any amount, prays to be dismissed with prejudice with its costs taxed to Plaintiff, and demands a jury of twelve to try this cause.

Respectfully submitted,

LEWIS, THOMASON, KING, KRIEG & WALDROP, P.C.

By: /s/ Susan W. Carey
    Susan West Carey, BPR # 013996
    scarey@lewisthomason.com
    Lisa Ramsay Cole, BPR # 16262
    lcole@lewisthomason.com
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN 37219
    (615) 259-1366

*Attorneys for Defendant Correct Care Solutions, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 16th day of November, 2018, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    Robin Ruben Flores, Esq.
    4110-A Brainerd Road
    Chattanooga, TN 37411
    Attorney for Plaintiff

    Erin Palmer Polly, Esq.
    Butler Snow LLP
    The Pinnacle at Symphony Place
    150 3rd Avenue South, Suite 1600
    Nashville, TN 37201

                                   /s/ Susan W. Carey
                                   Susan West Carey

    T

15
Case 1:18-cv-00268-TRM-CHS   Document 12   Filed 11/16/18   Page 15 of 15   PageID #: 80